In the Matter of the Accounting of ISRAEL NEWMAN, as Administrator of JACQUES WILLER, Deceased, Respondent.* ARSIK WILLER, Petitioner.

Surrogate's Court, Bronx County, November 12, 1942.

*Joseph B. Franklin* for petitioner.

*William J. Block* for respondent.

HENDERSON, S. This is a proceeding to compel the administrator to render and settle his account.

The petitioner is a resident of Lithuania and brings this proceeding by an attorney in fact.

The respondent contends, first, that the power of attorney is invalid; and second, that the petitioner is without legal capacity to bring this proceeding (citing U. S. Code, tit. 50, Appendix, § 7, subd. [b]) and therefore the petition should be dismissed.

The respondent's first contention is overruled. An examination of the terms of the power of attorney discloses that, in addition to the powers to receive all sums of money payable out

---

* See 171 Misc. 582.

of this estate and the other numerous powers, it expressly gives to the attorney in fact the right to bring this proceeding. The power has been properly executed, acknowledged and recorded pursuant to section 32-a of the Personal Property Law (Cons. Laws, ch. 41). No facts have been shown which would indicate that the power is no longer in full force and effect.

As to the second contention of the respondent, the petition in this proceeding is similar to the petition in a prior proceeding for the same relief except that, in the instant proceeding, the petitioner shows that the attorney in fact has obtained a license issued by the Secretary of the Treasury pursuant to Executive Order No. 8389.

The petition in the prior proceeding was dismissed on the ground that the petitioner was a nonresident enemy alien and therefore without capacity to sue.

The petitioner now asserts that the aforesaid license is effective to remove the petitioner's legal incapacity as an enemy alien to resort to our courts in time of war.

The license granted under the authority of Executive Order No. 8389 states that the following transaction is licensed:

"You are hereby authorized to effect all transactions under power of attorney incident to representing Arsik Willer in estate proceedings, in the matter of the estate of Jacques Willer, also known as Jacob Willer, provided funds received from such estate are deposited in a domestic bank for credit to a blocked account in your name, as attorney in fact for Arsik Willer.

" This license does not authorize any transaction incident to the transfer of the interest of Arsik Willer."

The license by express language does not authorize the petitioner to sue or remove his disability in that respect. To ascertain its true effect, it must be considered in the light of the instrument pursuant to which it was granted, the Executive Order No. 8389. Such order enumerates the transactions which it prohibits. They consist only of the acquisition and transfer of money, credit, securities, evidences of indebtedness and foreign exchange. Nothing is said about actions in law or equity or the right to bring them. Any license expressly granted pursuant thereto must necessarily relate only to the transactions regulated by the order. The petitioner's inability to sue does not result from the Executive Order No. 8389. The order does not directly or indirectly concern itself with such disability. This disability is created outside of the order. The Trading with the Enemy Act, approved October 6, 1917, recognized the well-settled rule against permitting enemy aliens, resident

in the enemy's country, to prosecute suits in our courts during the war, and provided (U. S. Code, tit. 50, Appendix, § 7, subd. [b]) that "Nothing in this Act shall be deemed to authorize the prosecution of any suit or action at law or in equity in any court within the United States by an enemy or ally of enemy prior to the end of the war, except as provided in section ten hereof." (*Rothbarth* v. *Herzfeld*, 179 App. Div. 865; affd., 223 N. Y. 578.)

General Ruling No. 4 of the United States Treasury Department, as amended, issued pursuant to and interpreting Executive Order No. 8389 states in part as follows: "(16) No license shall be deemed to authorize any transaction prohibited by reason of the provisions of any law, proclamation, order or regulation, other than the Order and Regulations."

It is clear, therefore, that there is no authority in the Act or outside of it or by the license herein, for the bringing of this proceeding by the petitioner, unless it is given by that part of subdivision (b) of section 7 of title 50, Appendix, of the United States Code, which reads as follows:

"*Provided, however,* That an enemy or ally of enemy licensed to do business under this Act may prosecute and maintain any such suit or action so far as the same arises solely out of the business transacted within the United States under such license and so long as such license remains in full force and effect."

The petitioner has no business within the meaning of the Act which requires a license to do business.

The license itself does not refer to any business which the petitioner is licensed to carry on. It is obvious that this provision concerns itself only with those persons licensed to do business as provided in subdivision (a) of section 4 of title 50, Appendix, of the United States Code and not with the transactions which the petitioner is licensed to effect. (*Hungarian General Creditbank* v. *Titus*, 182 App. Div. 826.)

The court holds therefore that the word "transactions" in the license must be interpreted in accordance with the language of the Executive Order itself and that the effect of such license is merely to permit the attorney in fact to receive any property which should be delivered to her principal. The petitioner has no right to bring this proceeding.

The petition must be dismissed.

Settle order.