In the Matter of the Estate of FERDINAND WEINMANN, Deceased.

Surrogate's Court, Kings County, February 10, 1944.

*Frederick Walz,* petitioner in person.

*Harold M. Kennedy, United States Attorney,* for Alien Property Custodian.

*Thomas J. Snee* for Public Administrator.

McGAREY, S.  By its prior decision (N. Y. L. J. June 12, 1943, p. 2311, col. 3 — decision only) the court determined that the testamentary agreement executed by this decedent was operative as a will, under the provisions of the German Civil Code in effect at the time and place of execution thereof, and was entitled to the same treatment and effect as if executed as a will in the mode prescribed by the laws of this State.  It was further held that the ancillary letters of administration theretofore issued be revoked, and that the testamentary agreement and certificate of inheritance issued thereon by the District Court of Kaiserlautern, Germany, be recorded in accordance with the provisions of sections 44 and 45 of the Decedent Estate Law.

The Public Administrator of Kings County, by order of this court, was thereafter permitted to intervene and file an answer to the petition insofar as it sought the grant of ancillary letters to the petitioner.  The answer denies all of the material allegations of the petition and prays that ancillary letters of administration *c. t. a.* be issued to the Public Administrator.

The ancillary letters of administration heretofore issued in this matter were granted to the petitioner herein upon his petition accompanied by an instrument executed on June 15, 1936, at the city of Kaiserlautern, German Reich, by the " Sole heir " and " only person entitled to the possession of the personal property " of this decedent, which authorized this petitioner " to apply for and receive  *   *   *  ancillary letters of administration " and " to act and perform all duties and exercise all rights as such ancillary Administrator with or without giving security for the faithful performance of his office as such administrator."

The filing of a petition by this petitioner, as the designee of the person entitled in the foreign country to the possession of the personal property of this decedent, wherein he seeks in part the issuance of ancillary letters of administration *c. t. a.* to himself, constitutes the institution of a proceeding.  (Surrogate's Ct. Act, § 48.)  The sole heir of this decedent, being an enemy-alien resident in an enemy country, has no right to

maintain or prosecute any suit, action or proceeding in law or in equity, in any court of the United States, during the continuance of the state of war. [U. S. Code, tit. 50, Appendix, § 7, subd. (b); *Rothbarth* v. *Herzfeld,* 179 App. Div. 865, affd. 223 N. Y. 578.] The inability of the enemy-alien resident in the enemy country to prosecute this proceeding is a bar to his designee as well. (*Matter of Willer,* 179 Misc. 169.) The instrument designating the petitioner to apply for and receive ancillary letters of administration was a contract of agency which must be deemed to have been suspended by the outbreak of war. "It would be contrary to reason that a man, without his consent, should continue to be bound by the acts of one whose relations to him have undergone such a fundamental alteration as that produced by a war between the two countries to which they respectively belong; with whom he can have no correspondence, to whom he can communicate no instructions, and over whom he can exercise no control. It would be equally unreasonable that the agent should be compelled to continue in the service of one whom the law of nations declares to be his public enemy." (*N. Y. Life Insurance Co.* v. *Davis,* 95 U. S. 425.)

Since it appears that there is no other qualified person entitled under section 161 or subdivisions 1 to 4 of section 133 of the Surrogate's Court Act to ancillary letters of administration *c. t. a.,* such letters are directed to be issued to the Public Administrator of Kings County.

Submit decree, on notice, accordingly.